**Objection Deadline: July 30, 2014 at 4:00 p.m. (ET)**
**Hearing Date: August 6, 2014 at 10:00 a.m. (ET)**

MCGRAIL & BENSINGER LLP
676A Ninth Avenue #211
New York, New York  10036
(646) 285-8476
(646) 224-8377 Facsimile
David C. McGrail
dmcgrail@mcgrailbensinger.com

Proposed Counsel to MM 130 Bowery Rest. Corp.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MM 130 BOWERY REST. CORP., | ) | Bankr. Case No.: 14-11988 (ALG) |
| | ) | |
| Debtor. | ) | |

**NOTICE OF HEARING ON**
**DEBTOR'S MOTION FOR AUTHORITY TO LIMIT**
**NOTICE AND TO ESTABLISH NOTICE PROCEDURES**

**PLEASE TAKE NOTICE** that debtor MM 130 Bowery Rest. Corp (the "Debtor"), by and through its undersigned proposed counsel, has filed the attached motion (the "Motion") for an order granting it the authority to limit notice and to establish notice procedures for its bankruptcy case.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion will be held before the Honorable Allan L. Gropper, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, 6th Floor, New York, NY 10044-1408 on **August 6, 2014 at 10:00 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that the Motion is available for

inspection at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York,

New York 10004-1408.  In addition, the Motion is available at https://ecf.nysb.uscourts.gov.  A

PACER password is needed to access the documents on line and can be obtained by visiting

PACER's website at www.pacer.psc.uscourts.gov.  In addition, parties may request copies of the

Motion by contacting the undersigned counsel.

    **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief

requested in the Motion must (a) be in writing and state with particularity the grounds therefor

and (b) be filed with the Clerk of the Bankruptcy Court and served upon and received by the

undersigned counsel on or before **July 30, 2014 at 4:00 p.m. (Eastern Time)**.

DATED:  July 21, 2014
    New York, New York

        MCGRAIL & BENSINGER LLP

        /s/ David C. McGrail
        David C. McGrail, Esq.
        676A Ninth Avenue #211
        New York, New York  10036
        Telephone:  (646) 285-8476
        Facsimile:  (646) 224-8377

        Proposed Counsel to MM 130 Bowery Rest. Corp.

MCGRAIL & BENSINGER LLP
676A Ninth Avenue #211
New York, New York  10036
(646) 285-8476
(646) 224-8377 Facsimile
David C. McGrail
dmcgrail@mcgrailbensinger.com

Proposed Counsel to MM 130 Bowery Rest. Corp.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MM 130 BOWERY REST. CORP., | ) | Bankr. Case No.: 14-11988 (ALG) |
| | ) | |
| Debtor. | ) | |

## DEBTOR'S MOTION FOR AUTHORITY TO LIMIT
## NOTICE AND TO ESTABLISH NOTICE PROCEDURES

Debtor MM 130 Bowery Rest. Corp. (the "Debtor"), by and through its undersigned proposed counsel, hereby files this motion (the "Motion") for an order granting it the authority to limit notice and to establish notice procedures for its bankruptcy case, and in support thereof respectfully represents as follows:

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein are Bankruptcy Code section 105(a) and Bankruptcy Rule 9007.

2.     The Debtor, a New York corporation, operates an event and catering facility located at 130 Bowery, New York, NY  10013.

3.       On July 3, 2014, the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4.       By this Motion, the Debtor requests the entry of an order granting it the authority to limit notice and to establish notice procedures for its bankruptcy case. The Debtor has identified almost 1,000 creditors to which notice would arguably need to be given under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or the Local Rules of the United States Bankruptcy Court for the Southern District of New York. Providing notice of all pleadings to all creditors would be extremely costly to the Debtors and its estate, and in many instances unnecessary, as certain motions would have no bearing on certain parties.

5.       Accordingly, the Debtor proposes to create a master service list (the "Master Service List") that would include: (i) the Office of the United States Trustee for the Southern District of New York; (ii) the Debtor; (iii) counsel to the Debtor; (iv) any secured creditors of the Debtor; (v) the twenty largest unsecured creditors of the Debtor;[1] (vi) any party whose interests are directly affected by a specific pleading; (vii) any party that has formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002; and (ix) any government agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

6.       The Debtor proposes to limit notice of all matters governed by Bankruptcy Rule 2002 in this case to those parties on the Master Service List only, except for notice regarding the following matters:  (i) notice of any meeting of creditors pursuant to Bankruptcy Code section 341; (ii) notice of any deadline for filing proofs of claim pursuant to Bankruptcy

---

[1]       Should an official committee of unsecured creditors be appointed in this case, the Debtor would add counsel to such committee to the Master Service List and would remove from it the twenty largest unsecured creditors of the Debtor.

Rule 3003(c); (iii) notice of any deadline to object to a disclosure statement or plan of reorganization; (iv) notice of any hearing to consider approval of a disclosure statement; (v) notice of a hearing to consider confirmation of a plan of reorganization; and (vi) notice of a proposed sale of all or substantially all of the Debtor's assets. The foregoing pleadings would be noticed to each party-in-interest, as provided by Bankruptcy Rule 2002, at its last known address, as provided by the Debtor, unless otherwise ordered by the Court or prescribed by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules. The Master Service List would also be used for pleadings, papers, and proceedings that may, under the Bankruptcy Rules and/or Local Rules, require service upon all parties-in-interest.

7.      The Debtor further requests Court authority to serve, in its discretion, any pleadings or papers by e-mail upon any service parties for which the Debtor has e-mail contact information. To the extent it does not have such e-mail contact information, the Debtor would serve such pleadings and papers on service parties by facsimile, hand delivery, overnight courier, and/or first class United States mail, as may be allowed under the Bankruptcy Rules or the Local Rules and as may be appropriate.

8.      The Debtor proposes to update the Master Service List periodically to include those persons or parties who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002. The Debtor will submit to the Court either an affidavit of service or certificate of service, including the list of all parties receiving notice, upon the completion of noticing.

## **BASIS FOR RELIEF**

9.      The Debtor respectfully submits that the relief requested herein is appropriate under the Bankruptcy Code.

3

10.     Pursuant to Bankruptcy Code section 105(a), "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

11.     The establishment of the above-described notice procedures will promote the Debtor's reorganization efforts by preserving assets that otherwise would be consumed by unnecessary copying, postage, and other related expenses.  Such relief will benefit the Debtor's estate and its creditors by conserving resources, while at the same time not prejudicing the rights of any parties-in-interest.

12.     Thus, the Debtor submits that the relief requested herein is in the best interest of the Debtor, its estate, creditors, and other parties-in-interest and will foster the efficient and economic administration of its bankruptcy case.

## NOTICE

13.     The Debtor will serve this Motion on (i) the Office of the United States Trustee for the Southern District of New York; (ii) any secured creditors of the Debtor; (iii) the twenty largest unsecured creditors of the Debtor; (iv) any party that has formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002; and (v) any government agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

14.     The Debtor submits that no other or further notice need be given under the circumstances.

## NO PRIOR APPLICATION

15.     No previous motion for the relief sought herein has been made to this or any other Court.

## <u>CONCLUSION</u>

WHEREFORE, the Debtor requests entry of an order, substantially in the form

attached hereto as Exhibit A, granting the relief requested herein and such other and further relief

as is just and proper under the circumstances.

DATED:    July 21, 2014
         New York, New York

                MCGRAIL & BENSINGER LLP

                /s/ David C. McGrail
                David C. McGrail, Esq.
                676A Ninth Avenue #211
                New York, New York  10036
                Telephone:  (646) 285-8476
                Facsimile:  (646) 224-8377

                Proposed Counsel to MM 130 Bowery Rest. Corp.

**<u>EXHIBIT A</u>**

**Proposed Form of Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MM 130 BOWERY REST. CORP., | ) | Bankr. Case No.: 14-11988 (ALG) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER GRANTING AUTHORITY
## TO LIMIT NOTICE AND TO ESTABLISH NOTICE PROCEDURES

Upon consideration of the motion (the "Motion") of debtor MM 130 Bowery Rest. Corp. (the "Debtor"), for an order granting it the authority to limit notice and to establish notice procedures; and it appearing that the relief requested in the Motion is appropriate in the context of this case and in the best interests of the Debtor and its estate, creditors, and other all parties-in-interest; and it appearing that notice of the Motion was adequate and proper under the circumstances of this case; and it appearing that no further notice of the Application is required; and following a hearing on the Motion on August 6, 2014; and the Court having found that good and sufficient cause exists for granting the Motion; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtor is authorized to limit notice of all matters governed by Rule 2002 of the Federal Rules of Bankruptcy Procedure in this case to those parties on the Master Service List (as defined in the Motion) only, except for notice regarding the following matters:  (i) notice of any meeting of creditors pursuant to Bankruptcy Code section 341; (ii) notice of any deadline for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) notice of any deadline to object to a disclosure statement or plan of reorganization; (iv) notice of any hearing to consider approval of a disclosure statement; (v) notice of a hearing to consider

confirmation of a plan of reorganization; and (vi) notice of a proposed sale of all or substantially all of the Debtor's assets; and it is further

ORDERED that the Debtor shall periodically update the Master Service List to include any party that has formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002; and it is further

ORDERED that the Debtor may, in its discretion, serve any pleadings or papers by e-mail upon any service parties for which it has e-mail contact information; and it is further

ORDERED that the Debtor shall submit to the Court either an affidavit of service or certificate of service, including the list of all parties receiving notice, upon the completion of noticing; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated:  New York, New York
        August __, 2014


_____
The Honorable Allan L. Gropper
United States Bankruptcy Judge