Objection Deadline: July 30, 2014 at 4:00 p.m. (ET)
Hearing Date: August 6, 2014 at 10:00 a.m. (ET)

MCGRAIL & BENSINGER LLP
676A Ninth Avenue #211
New York, New York 10036
(646) 285-8476
(646) 224-8377 Facsimile
David C. McGrail
dmcgrail@mcgrailbensinger.com

Proposed Counsel to MM 130 Bowery Rest. Corp.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MM 130 BOWERY REST. CORP., | Bankr. Case No.: 14-11988 (ALG) |
| Debtor. | |

### NOTICE OF HEARING ON
### DEBTOR'S MOTION FOR AN ORDER
### AUTHORIZING AND DIRECTING THE
### ASSUMPTION OF EXECUTORY CONTRACT

**PLEASE TAKE NOTICE** that debtor MM 130 Bowery Rest. Corp (the "Debtor"), by and through its undersigned proposed counsel, has filed the attached motion (the "Motion") for an order, pursuant to Bankruptcy Code section 365, Bankruptcy Rule 6006, and Local Bankruptcy Rule 6006-1, authorizing and directing the assumption of an executory contract.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion will be held before the Honorable Allan L. Gropper, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, 6th Floor, New York, NY 10044-1408 on **August 6, 2014 at 10:00 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that the Motion is available for inspection at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408. In addition, the Motion is available at https://ecf.nysb.uscourts.gov. A PACER password is needed to access the documents on line and can be obtained by visiting PACER's website at www.pacer.psc.uscourts.gov. In addition, parties may request copies of the Motion by contacting the undersigned counsel.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion must (a) be in writing and state with particularity the grounds therefor and (b) be filed with the Clerk of the Bankruptcy Court and served upon and received by the undersigned counsel on or before **July 30, 2014 at 4:00 p.m. (Eastern Time)**.

DATED:  July 23, 2014
        New York, New York

                                MCGRAIL & BENSINGER LLP

                                /s/ David C. McGrail
                                David C. McGrail, Esq.
                                676A Ninth Avenue #211
                                New York, New York 10036
                                Telephone: (646) 285-8476
                                Facsimile: (646) 224-8377

                                Proposed Counsel to MM 130 Bowery Rest. Corp.

Objection Deadline: July 30, 2014 at 4:00 p.m. (ET)
Hearing Date: August 6, 2014 at 10:00 a.m. (ET)

MCGRAIL & BENSINGER LLP
676A Ninth Avenue #211
New York, New York  10036
(646) 285-8476
(646) 224-8377 Facsimile
David C. McGrail
dmcgrail@mcgrailbensinger.com

Proposed Counsel to MM 130 Bowery Rest. Corp.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MM 130 BOWERY REST. CORP., | Bankr. Case No.: 14-11988 (ALG) |
| Debtor. | |

### DEBTOR'S MOTION FOR AN ORDER
### AUTHORIZING AND DIRECTING
### THE ASSUMPTION OF EXECUTORY CONTRACT

Debtor MM 130 Bowery Rest. Corp. (the "Debtor"), by and through its undersigned proposed counsel, hereby files this motion (the "Motion") for an order, pursuant to Bankruptcy Code section 365, Bankruptcy Rule 6006, and Local Bankruptcy Rule 6006-1, authorizing and directing the assumption of an executory contract, and in support thereof respectfully represents as follows:

### JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory

predicates for the relief requested herein are Bankruptcy Code section 365, Bankruptcy Rule 6006-1, and Local Bankruptcy Rule 6006-1.

## BACKGROUND

2. On July 3, 2014, the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to manage its properties and operate its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. No trustee, committee, or examiner has been appointed in this case.

3. The Debtor operates an event and catering facility located at 130 Bowery, New York, NY 10013 (the "Event Space").

4. The Debtor hosts business functions, lavish holiday parties, weddings, and other events at the Event Space, a picture of which is attached hereto as Exhibit A.

5. On May 14, 2014, the Debtor's primary air conditioning unit for the Event Space effectively short-circuited, triggering a fire alarm in the middle of an event.

6. Shortly thereafter, the Debtor entered into a contract, dated May 16, 2014 (the "Contract"), with Quinn & Feiner Service Company to repair the A/C unit, including replacing certain parts. The Contract, a copy of which is attached hereto as Exhibit B, covers both parts and labor.

7. Quinn & Feiner is charging the Debtor $59,920.45 under the Contact, in accordance with the invoice attached hereto as Exhibit C, of which the first $19,973.49 installment has been paid, leaving a balance of $39,946.96 due upon completion of the work.

8. While Quinn & Feiner has partially completed its work on the A/C unit, more work remains, and the A/C Unit is not currently operational.

9.    The Debtor intends to reorganize under Chapter 11, and functional air conditioning is crucial to the Debtor's ongoing operations.

## RELIEF REQUESTED

10.    By this Motion, the Debtor requests that this Court enter an order authorizing and directing it to assume the Contract.

## BASIS FOR RELIEF

11.    Bankruptcy Code section 365(a) provides that a debtor-in-possession, "subject to the Court's approval, may . . . assume any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The standard to be applied by a court in determining whether an executory contract or unexpired lease should be assumed is the "business judgment" test, which is premised upon the debtor's business judgment that assumption would be beneficial to its estate. Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993); In re Bradlees Stores, Inc., 194 B.R. 555, 558 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate"); see also N.L.R.B. v. Bildisco, 465 U.S. 513, 526 (1984) (noting that courts have applied the "business judgment" test to non-labor executory contracts). "More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1311 (5th Cir. 1985).

12. Based on a careful analysis of the facts and circumstances of this case, the Debtor, in its business judgment, has resolved to assume the Contract, which it believes is in its best interests and the best interests of its estate.

13. Assumption of the Contract will allow the Debtor to complete the repair of its A/C unit, which is necessary to its ongoing operations and reorganization efforts. It would be difficult, if not impossible, to attract customers to the Event Space without functional air conditioning.

14. In addition, the Debtor believes that the benefits of assuming the Contract far outweigh any benefit that it might receive from rejecting the Contract and seeking to hire a different service provider than Quinn & Feiner, which has already partially completed, and is intimately familiar with, the project.

15. The term "adequate assurance of future performance" is not statutorily defined. In re M. Fine Lumber Co., 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008). Courts have looked to the legislative history to determine its meaning. Id.; In re Rachels Indus., Inc., 109 B.R. 797, 803 (Bankr. W.D. Tenn. 1990); In re Westview 74th, St. Drug Corp., 59 B.R. 747, 754 (Bankr. S.D.N.Y. 1986); In re Natco Indus., Inc., 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985); In re Sapolin Paints, Inc., 5 B.R. 412, 420 (Bankr. E.D.N.Y. 1980). The legislative history indicates that Congress intended to give the term "a practical, pragmatic construction." In re M. Fine Lumber Co., 383 B.R. at 573; Sapolin Paints, 5 B.R. at 420.

16. Whether "adequate assurance of future performance" has been provided is determined by the facts and circumstances of each case. In re M. Fine Lumber Co., 383 B.R. at 573; In re Texas Health Ents., Inc., 72 Fed. Appx. 122, 126 (5th Cir. 2003); In re General Oil Distributors, Inc., 18 B.R. 654, 658 (Bankr. E.D.N.Y. 1982); Chera v. 991 Blvd. Realty Corp. (In

4

re Nat'l Shoes, Inc.), 20 B.R. 55, 59 (Bankr. S.D.N.Y. 1982); In re Lafayette Radio Elecs. Corp., 9 B.R. 993, 998 (Bankr. E.D.N.Y. 1981). A debtor need not prove that it will "thrive and make a profit," Natco, 54 B.R. at 440, or provide "an absolute guarantee of performance," In re Silent Partner, Inc., 119 B.R. 95, 98 (E.D. La. 1990). It must simply "appear[] that the rent will be paid and other lease obligations met." Westview, 59 B.R. at 755.

17. As one court stated:

> The emphasis is on protection. Section 365 gives no indication that a landlord . . . is to improve its position upon the bankruptcy of a tenant. The statute affords no relief to a landlord simply because it might have the opportunity to rent the premises to others at a higher base or percentage rent and would otherwise seek to escape the bargain it made.

Natco, 54 B.R. at 441 (citing In re Webster Clothes, Inc., 36 B.R. 260, 264 (Bankr. D. Md. 1984).

18. In determining whether "adequate assurance of future performance" has been shown, courts have considered some of the following factors:

> (1) the debtor's payment history;
> (2) presence of a guarantee;
> (3) presence of a security deposit;
> (4) evidence of profitability;
> (5) a plan which would earmark money exclusively for the landlord;
> (6) the general outlook in the debtor's industry; and
> (7) whether the unexpired lease is at, or below, the prevailing rate.

In re M. Fine Lumber Co., 383 B.R. at 573; see also L. King, Collier on Bankruptcy, § 3-365, at 365.06 (2011).

19. If the Contract is assumed, Quinn & Feiner is expected to complete the work in early August. The Debtor's cash flow estimates indicate that it will have approximately $70,000.00 of cash on hand when Quinn & Feiner completes the work, such that it will be able to pay it the remaining $39,946.96 due. The Debtor does not have any additional obligations under

5

the Contract. Thus, the Debtor has satisfied the requirements of Bankruptcy Code section 365(b)(1).

## NOTICE

20. The Debtor will serve this Motion on (i) the Office of the United States Trustee for the Southern District of New York; (ii) any secured creditors of the Debtor; (iii) the twenty largest unsecured creditors of the Debtor (including Quinn & Feiner); (iv) any party that has formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002; and (v) any government agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

21. The Debtor submits that no other or further notice need be given under the circumstances.

## NO PRIOR APPLICATION

22. No previous motion for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit D, (i) granting the Motion; and (ii) granting such other relief as is just and proper.

DATED:   July 23, 2014
         New York, New York

                                    MCGRAIL & BENSINGER LLP

                                    /s/ David C. McGrail
                                    David C. McGrail, Esq.
                                    676A Ninth Avenue #211
                                    New York, New York  10036

                                    Proposed Counsel to MM 130 Bowery Rest. Corp.

6

# EXHIBIT A

## Picture of Debtor's Location



# EXHIBIT B

## Quinn & Feiner Service Company Contract



**QUINN & FEINER SERVICE COMPANY, INC.**
ENERGY COST CONTROL CENTER

May 16, 2014

Ms. Claudia Baricevic  
Capitale Restaurant  
130 Bowery  
New York, NY 10013

Re: Carrier Direct Drive A/C System #2  
M#5H80-A239, S#22338nd2  
Direct Drive 60 HP Motor

Dear Ms. Baricevic,

As a follow up to the service call we had on the above referenced a/c we found the Carrier 5H80 compressor and direct drive 60 hp motor defective and must be replaced (compressor seal and motor bearings) defective. We are recommending the following.

Scope of Work

A. Recover the remaining refrigerant in a/c system #2 in compliance with the EPA guidelines.
B. Disconnect refrigeration piping and safety controls from compressor, power and control wiring and coupler assembly from old motor.
C. Rig and remove old compressor and motor from a/c system #2, remove from jobsite and dispose of same.
D. Furnish, rig and install new Copeland 60hp discus semi-hermetic compressor with two (2) stages of unloading. This new compressor will be installed on a/c system #2 with a new manufactured mounting frame.
E. Furnish and install new suction and discharge service valves to new compressor, also install mounting kit and springs, and crank case heater.
F. Furnish and install new starter, tie in power and control wiring, safety controls to new compressor.
G. Furnish and install new liquid line drier and suction line filter cores.
H. Pressurize and leak check system, evacuate and charge with R134A refrigerant.
I. Start up and check operation.
J. One (1) year project warranty.

**Total Cost:**................................................................................$55,036.00 + Tax

Terms: 1/3 down upon acceptance, balance upon completion.

Exclusions: cutting, patching, painting, filing for permits, protection, temporary heating or cooling, overtime, asbestos testing or abatement.

Exceptional HVAC Service Since 1958

This proposal is the property of QFS and contains proprietary information for use only by the recipient in conjunction with placing an order with QFS for this project.

This proposal is valid for sixty (60) days unless extended in writing by QFS.

If I can be of further service please call.

Very truly yours,

Al Boltz
Service Manager

Total Cost: $55,036.00 + Tax    $59,920.45

Accepted By: _____  Date: 6/19/14  P.O#: _____

# EXHIBIT C

**Quinn & Feiner Service Company Invoice**



**QUINN & FEINER SERVICE COMPANY**

79 Hazel Street,   Glen Cove, NY 11542 * Tel (516) 674-3636 * (212) 889-4567 *   Fax (516) 674-3986
www.quinnandfeiner.com

| Invoice No. | 128347 |

**BILL TO**

SOLD TO:
CAPITALE RESTAURANT
130 BOWERY

NEW YORK, NY 10013

| Invoice Date | Customer PO No. | Payment Terms | Contract/Job No. |
|---|---|---|---|
| 6/23/14 | AGREEMENT | NET 10 DAYS | S2920614 |

| Description | Amount Due |
|---|---|

RE: CAPITALE RESTAURANT
    130 BOWERY
    NEW YORK, NY

F&I COPELAND 60HP DISCUS SEMIHERMETIC COMPRESSOR

```
         ORIGINAL PROJECT COST:_____$    59,920.45
         TOTAL CHANGE ORDERS:_____+$         .00
                                      ---------------
         TOTAL PROJECT COST:_____ $    59,920.45

         PROGRESS PAYMENT #         1

         VALUE OF WORK PERFORMED TO DATE:  $   19,973.49
         AMOUNT PREVIOUSLY BILLED:         $        .00

         AMOUNT DUE THIS INVOICE:          $   19,973.49
                        SALES TAX:         $        .00
            TOTAL AMOUNT DUE THIS INVOICE:        $    19,973.49
```

WORK PERFORMED THIS PERIOD:
---------------------------
    FURNISH, RIG AND INSTALL NEW COPELAND 60HP DISCUS
    SEMI-HERMETIC COMPRESSOR WITH TWO (2) STAGES OF
    UNLOADING. COMPRESSOR WILL BE INSTALLED ON A/C
    SYSTEM #2 WITH A NEW MANUFACTURED MOUNTING FRAME

    DOWN PAYMENT DUE NOW DUE TO SPECIAL ORDER EQUIPMENT

    THIS INVOICE REFLECTS ONE THIRD OF PROJECT FOR DOWN
    PAYMENT, MOBILIZATION AND PURCHASE OF EQUIPMENT

*INVOICES OVER 30 DAYS ARE SUBJECT TO 1 1/2%*
*(ANNUAL RATE OF 18%) SERVICE CHARGE PER MONTH*

# EXHIBIT D

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MM 130 BOWERY REST. CORP., | ) ) | Bankr. Case No.: 14-11988 (ALG) |
| Debtor. | ) ) ) |  |

## ORDER AUTHORIZING AND DIRECTING
## THE ASSUMPTION OF EXECUTORY CONTRACT

This matter having come before the Court on the motion (the "Motion") of MM 130 Bowery Rest. Corp. (the "Debtor"), for an order, pursuant to Bankruptcy Code section 365, Bankruptcy Rule 6006, and Local Bankruptcy Rule 6006-1, authorizing and directing the assumption of an executory contract; and it appearing that the relief requested in the Motion is appropriate in the context of this case and in the best interests of the Debtor and its estate, creditors, and other all parties-in-interest; and it appearing that notice of the Motion was adequate and proper under the circumstances of this case; and it appearing that no further notice of the Motion is required; and following a hearing on the Motion on August 6, 2014; and the Court having found that good and sufficient cause exists for granting the Motion; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Code section 365, the Debtor is authorized and directed to assume that certain contract, dated May 16, 2014, with Quinn & Feiner Service Company; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: New York, New York
       August __, 2014

_____
The Honorable Allan L. Gropper
United States Bankruptcy Judge