**Hearing Date: August 6, 2014 at 10:00 a.m. (ET)**

MCGRAIL & BENSINGER LLP
676A Ninth Avenue #211
New York, New York  10036
(646) 285-8476
(646) 224-8377 Facsimile
David C. McGrail
dmcgrail@mcgrailbensinger.com

Proposed Counsel to MM 130 Bowery Rest. Corp.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MM 130 BOWERY REST. CORP., | ) | Bankr. Case No.: 14-11988 (ALG) |
| Debtor. | ) | |

**DEBTOR'S EMERGENCY MOTION
FOR AN ORDER AUTHORIZING THE USE OF
CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION**

Debtor MM 130 Bowery Rest. Corp. (the "Debtor"), by and through its undersigned proposed counsel, hereby files this emergency motion (the "Motion") for an order, pursuant to 11 U.S.C. § 363, authorizing the use of cash collateral and providing adequate protection to the Debtor's secured creditor, Valley National Bank ("Valley"), and in support thereof respectfully represent as follows:

**INTRODUCTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein is 11 U.S.C. § 363.

2. On July 3, 2014, the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to manage its properties and operate its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. No trustee, committee, or examiner has been appointed in this case.

3. The Debtor operates an event and catering facility located at 130 Bowery, New York, NY 10013.

4. The Debtor believes that Valley is owed $403,523.59 on account of a July 2013 loan to the Debtor. The monthly interest payments on the loan are $11,359.45.

5. The Debtor scheduled Valley as a secured creditor solely to the extent of funds in its deposit account with Valley.

6. On August 5, 2014, counsel to the Debtor received documents from counsel to Valley National Bank demonstrating that Valley's security interest extends to substantially all of the Debtor's assets.

### RELIEF REQUESTED

7. The Debtor seeks authority to use cash collateral for the limited purposes of paying: (1) payroll, in the amount of approximately $22,403.58, on August 6, 2014, (2) a deposit to Con Edison (electric), in the amount of $15,685, by August 8, 2014, pursuant to 11 U.S.C. § 366, (3) Quinn & Fenner Service Company, in the amount of $20,000, on or about August 6, 2014, to repair the Debtor's A/C unit, (4) and such other amounts as Valley may authorize.

8. The payment of each of the foregoing expenses is absolutely essential to the Debtor's ongoing operation of its business. To ensure the necessary maintenance and security of the Debtor's business and to preserve the value of the assets of the Debtor's estate

otherwise subject to deterioration, among other things, it is necessary for the Debtor to be permitted to use cash collateral for these purposes. If it is not permitted to use cash collateral for these purposes, the value of its assets will be irreparably impaired to the detriment of its estate, its creditors, and other parties-in-interest.

### BASIS FOR RELIEF REQUESTED

9. 11 U.S.C. § 363(e) provides that the Court may authorize the use of cash collateral if holders of secured claims with respect to that cash collateral are accorded adequate protection.

10. The Debtor proposes to provide Valley with adequate protection by making the $11,359.45 post-petition interest payment that was due to Valley on July 23, 2014.

11. Valley's interest in its collateral will be adequately protected as a result of this interest payment, coupled with the fact that the Debtor will use the cash collateral to maintain, protect, and preserve its business and assets.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

DATED:   August 5, 2014
         New York, New York

MCGRAIL & BENSINGER LLP

/s/  David C. McGrail
David C. McGrail, Esq.
676A Ninth Avenue #211
New York, New York  10036
Telephone:  (646) 285-8476
Facsimile:  (646) 224-8377

Proposed Counsel to MM 130 Bowery Rest. Corp.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MM 130 BOWERY REST. CORP., | ) | Bankr. Case No.: 14-11988 (ALG) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**ORDER AUTHORIZING THE DEBTOR'S USE OF
CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION**

Upon consideration of the emergency motion (the "Motion") of debtor MM 130 Bowery Rest. Corp. (the "Debtor"), for an order authorizing the use of cash collateral and providing adequate protection to Valley National Bank; and it appearing that the relief requested in the Motion is appropriate in the context of this case and in the best interests of the Debtor and its estate, creditors, and other all parties-in-interest; and following a hearing on the Motion on August 6, 2014; and the Court having found that good and sufficient cause exists for granting the Motion; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtor may use cash collateral as set forth in the Motion; and it is further

ORDERED that the Debtor shall provide adequate protection by paying Valley National Bank the $11,359.45 post-petition interest payment that was due by July 23, 2014; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated:  New York, New York
         August __, 2014

_____
The Honorable Allan L. Gropper
United States Bankruptcy Judge

2